UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 15-00190 LEK |
| Plaintiff, | |
| vs. | |
| TALANIVALU YGNACIO OLOTOA, | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S SECOND MOTION TO
REDUCE SENTENCE, FILED 10/22/21 [DKT. NO. 152]**

Defendant Talanivalu Ygnacio Olotoa ("Olotoa") seeks sentence reduction and compassionate release pursuant 18 U.S.C. § 3582(c)(1)(A). See Defendant's Second Motion to Reduce Sentence ("Motion"), filed 10/22/21 (dkt. no. 152). He is currently in the custody of the Federal Bureau of Prisons ("BOP") at USP Leavenworth ("USP Leavenworth") in Leavenworth, Kansas.[1] Federal Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited Apr. 21, 2022).

For the reasons stated below, Olotoa's Motion is hereby denied.

---

[1] USP Leavenworth has a medium security penitentiary and an adjacent minimum security satellite camp. Federal Bureau of Prisons, USP Leavenworth, https://www.bop.gov/locations/institutions/lvn/ (last visited Apr. 21, 2022). Olotoa states that he is incarcerated in the satellite camp. See Motion at 2.

## BACKGROUND

The facts of this matter arise out of the indictment filed on March 12, 2015 against Olotoa charging him with three counts: conspiring with another person to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers ("methamphetamine"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846 (Count 1); second, one count of knowingly and intentionally distributing 50 grams or more of methamphetamine, in violation of § 841(a)(1) and (b)(1)(A) (Count 2); and third, one count of knowingly and intentionally distributing hydrocodone in violation of § 841(a)(1) and (b)(1)(C) (Count 3). See Indictment, filed 3/12/15 (dkt. no. 1). A jury trial was held from May 25 through 27, 2016, and the jury returned a guilty verdict as to each of the three counts on May 27, 2016. See Minutes - EP: Jury Trial (3rd Day), filed 5/27/16 (dkt. no. 109); Special Verdict Form, filed 5/27/16 (dkt. no. 112). On September 22, 2016, the Court sentenced Olotoa to 120 months of imprisonment as to each of Counts 1 through 3, to run concurrently, and a term of supervised release of five years as to each of Counts 1 and 2 and three years for Count 3, all to run concurrently. See Judgment in a Criminal Case, filed 10/3/16 (dkt. no. 127), at 3-4.

2

Olotoa seeks sentence reduction on the basis that he was sentenced almost two years before the First Step Act was enacted and, at the time of his sentencing, his total offense level was 32, and he was in criminal history category II.  See Motion at 4 (citations omitted).  Although his guideline range at the time was 135 to 168 months, his offenses carried the mandatory minimum sentence of 120 months of incarceration. [Id.]  In short, Olotoa submits, had the First Step Act been enacted at the time that he was sentenced, this Court would have had the discretion to impose a sentence below the mandatory minimum sentence.  [Id. (citing 18 U.S.C. § 3553(f)).]  He argues that his criminal history category prevented him at the time of sentencing from safety valve relief but, had he been sentenced under the current version of § 3553(f), he would not be disqualified from safety valve relief because his "criminal history points resulted from three one-point offenses . . . ." [Id. at 5 (citation omitted).]  Additionally, he submits that he would have also been eligible for a two-level guideline reduction under U.S.S.G. § 2D1.1(b)(18).  [Id. at 6-7 (noting that the United States Sentencing Commission has not yet revised U.S.S.G. §§ 2D1.1(b)(18) and 5C1.2 to align with the current version of § 3553(f) because of a lack of appointments to the Commission has rendered it unable to constitute a quorum for voting (citing United States v. Ascuncion, 2020 WL 6205680, *4

3

n.2 (D. Haw. Oct. 22, 2020)))].]  In sum, Olotoa concludes that, under the current version of § 3553(f) and the facts of his case, "his total offense level would have been 30 and his initial guideline range would have been 108 to 135 months." [Reply to Government's Response to Defendant's Second Motion to Reduce Sentence, filed 12/1/21 (dkt. no. 155), at 5.]  Olotoa submits that this Court should reduce his sentence to no more than 96 months.  [Id. at 8.]

Plaintiff United States of America ("the Government") opposes the Motion and argues that United States v. Aruda, 993 F.3d 797 (9th Cir. 2021), does not require district courts to grant compassionate release but holds that these courts have the discretion to do so "where permitted by that statute regardless of whether compassionate release would be permitted under section 1B1.3."  [Government's Response to Defendant's Second Motion to Reduce Sentence ("Mem. in Opp."), filed 11/19/21 (dkt. no. 154), at 4.]  It argues that extraordinary and compelling reasons for sentence reduction are not present here, and that Olotoa's history is not that of one "for whom the safety valve was designed."  [Id. at 7.]  Further, the Government points out that Olotoa's "guideline range was at 135 to 168 months, and the Court . . . already varied downward two offense levels to a range of 108 to 135 months."  [Id. at 8 (citing Motion, Appendix B; Motion at 22).]  Therefore, it contends that Olotoa

4

already has received a two-level downward variance.  Most
importantly, the Government emphasizes, Congress could have
made, but chose not to make, the First Step Act retroactive.
Granting compassionate release to every defendant who might have
received a shorter sentence under the current safety valve
requirements would render meaningless Congress's decision not to
make the First Step Act retroactive.  [Id. (some citations
omitted) (citing United States v. Cisneros, 2020 WL 3065103, *3
(D. Haw. Jun. 9, 2020)).]  Lastly, the Government argues that
consideration of Olotoa's § 3553(a) factors weigh against
sentence reduction, and that his "current projected March 28,
2025 release date, [means that] he has completed close to only
half his sentence."  [Id. at 11.]

## DISCUSSION

Generally, courts have limited power to modify terms
of imprisonment after a defendant has been sentenced.  Dillon v.
United States, 560 U.S. 817, 819 (2010) ("A federal court
generally 'may not modify a term of imprisonment once it has
been imposed.'" (quoting 18 U.S.C. § 3582(c)).  As amended by
the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes an
exception to that general rule and permits modification of a
sentence:

> (c)  Modification of an imposed term of
> imprisonment.--The court may not modify a term of

imprisonment once it has been imposed except
that--

    (1)  in any case--

        (A)  the court, upon motion of the
Director of the Bureau of Prisons, or
upon motion of the defendant after the
defendant has fully exhausted all
administrative rights to appeal a
failure of the Bureau of Prisons to
bring a motion on the defendant's
behalf or the lapse of 30 days from the
receipt of such a request by the warden
of the defendant's facility, whichever
is earlier, may reduce the term of
imprisonment (and may impose a term of
probation or supervised release with or
without conditions that does not exceed
the unserved portion of the original
term of imprisonment), after
considering the factors set forth in
section 3553(a) to the extent that they
are applicable, if it finds that--

            (i)  extraordinary and compelling
reasons warrant such a
reduction . . .

            and that such a reduction is
consistent with applicable policy
statements issued by the
Sentencing Commission[.]

Thus, Olotoa is required to demonstrate both
exhaustion of administrative remedies and that "extraordinary
and compelling reasons" exist to warrant sentence reduction.
Olotoa states he has exhausted his administrative remedies, see
Motion at 2, and the Government does not contest that the
exhaustion requirement has been met.

6

A sentence reduction is only permitted where there are "extraordinary and compelling reasons," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  § 3582(c)(1)(A)(i).  The key term "extraordinary and compelling reasons" was not, however, defined:

> Congress provided no statutory definition of "extraordinary and compelling reasons."  Instead, Congress stated that the Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."  28 U.S.C. § 994(t); see also id. § 994(a)(2)(C).

Aruda, 993 F.3d at 800.  The Sentencing Commission does provide guidance in its policy statement as considerations for finding "extraordinary and compelling reasons" and sets forth certain circumstances that justify sentence reduction, including serious medical conditions, advanced age, certain family circumstances, and other reasons "[a]s determined by the Director of the Bureau of Prisons."  U.S.S.G. § 1B1.13, cmt. n.1.  However, this statement has not been updated "since the First Step Act amended § 3582(c)(1)(A)."  Aruda, 993 F.3d at 800.  Thus, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."  Id. at 802

7

(citing United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020)).

Olotoa argues that his extraordinary and compelling circumstance justifying a sentence reduction is sentencing disparity; that is, if he had been sentenced after the First Step Act had been enacted, he would have been eligible for safety valve because he had "a total of three criminal history points." [Motion at 4 (citing Presentence Investigation Report, filed under seal 8/26/16 (dkt no. 120), at ¶ 54).] The Court could have then imposed a sentence without regard to the mandatory minimum sentence. Specifically, the First Step Act's expansion of the safety valve provision in § 3553(f) now provides:

> (f)  Limitation on applicability of statutory minimums in certain cases.--Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846), section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), or section 70503 or 70506 of title 46, the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--
>
> > (1)  the defendant does not have--
> >
> > > (A)  more than 4 criminal history points, excluding any criminal history points resulting from a 1-point

offense, as determined under the sentencing guidelines;

(B)  a prior 3-point offense, as determined under the sentencing guidelines; and

(C)  a prior 2-point violent offense, as determined under the sentencing guidelines;

(2)  the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3)  the offense did not result in death or serious bodily injury to any person;

(4)  the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5)  not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Information disclosed by a defendant under this subsection may not be used to enhance the sentence of the defendant unless the information relates to a violent offense.

18 U.S.C. § 3553(f)(1)-(5).

Congress did not make the section 402 of the First Step Act retroactive.[2]  It clearly did not intend to provide expanded relief under § 3582(c) to **all** defendants already serving a mandatory minimum sentence of incarceration and who have newly qualifying criminal history scores.  However, it is likewise clear that courts are not precluded from exercising discretion and considering lengthy sentences when determining whether compassionate release is appropriate.  See, e.g., United States v. Rosas, Case No. 17cr3431-MMA-4, 2020 WL 7226438, at *4 (S.D. Cal. Dec. 8, 2020) (citing United States v. Cantu-Rivera, No. CR H-89-204, 2019 WL 2578272, at *2 (S.D. Tex. June 24, 2019); United States v. Urkevich, No. 8:03CR37, 2019 WL 6037391, at *2 (D. Neb. Nov. 14, 2019); United States v. Young, No. 2:00-CR-00002-1, 2020 WL 1047815, at *8 (M.D. Tenn. Mar. 4, 2020); United States v. Maumau, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *7 (D. Utah Feb. 18, 2020)).  Moreover, "'![c]ourts may consider individual defendants' circumstances and weigh whether a particular sentencing disparity is truly "extraordinary and compelling" on a case-by-case basis.'"

---

[2] The section provides: "APPLICABILITY.—The amendments made by this section [broadening the existing safety valve] shall apply only to a conviction entered on or after the date of enactment of this Act."  Section 402(b), Pub. L. No. 115-391, 132 Stat. 5194, 5221 (2018).

United States v. Kanohokula, CR. NO. 11-00976 JMS (01), 2021 WL
5411211, at *4 (D. Hawai`i Nov. 18, 2021) (quoting United States
v. Haynes, 2021 WL 406595, at *5 (C.D. Ill. Feb 5, 2021)).  This
Court concludes that the refusal by Congress to make the
amendments to the First Step Act retroactive does not preclude
it from considering whether a sentencing disparity in a
particular case constitutes an extraordinary and compelling
reason pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

     To determine whether a sentencing disparity exists in
this case, the Court examines first whether Olotoa qualifies
under the First Step Act's expanded safety valve provision in §
3553(f).  He does not.  Specifically, he does not present
evidence that, by the time of sentencing, he "truthfully
provided to the Government all information and evidence the
defendant has concerning the offense or offenses that were part
of the same course of conduct or of a common scheme or
plan . . . ."  Section 3553(f)(5).  The inmate bears the burden
of establishing the requirements for a sentence reduction by a
preponderance of the evidence.  United States v. Lum, Case No.
18-cr-00073-DKW, 2020 WL 3472908, at *2 (D. Hawai`i June 25,
2020) (some citations omitted) (citing United States v. Sprague,
135 F.3d 1301, 1306-07 (9th Cir. 1998)).  Here, Olotoa was
convicted after a jury trial and the record submitted to this
Court does not support that he timely communicated with the

Government as required by statute.  Section 3553(f) is read in the conjunctive.  _See, e.g._, _United States v. Lopez_, 998 F.3d 431, 443 (9th Cir. 2021).  Thus, he must provide evidence that he has met every one of § 3553(f)'s required conditions, and he does not.

## CONCLUSION

For the foregoing reasons, Olotoa's Second Motion to Reduce Sentence, filed October 22, 2021, is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 21, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

USA VS. TALANIVALU YGNACIO OLOTOA; CR 15-00190 LEK; ORDER DENYING DEFENDANT'S SECOND MOTION TO REDUCE SENTENCE, FILED 10/22/21 [DKT. NO. 152]